**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| WASHINGTON FEDERATION OF STATE EMPLOYEES, COUNCIL, 28; et al.[†] <br><br> Respondents, <br><br> v. <br><br> STATE OF WASHINGTON; et. al. <br><br> Respondents, <br><br> FREEDOM FOUNDATION, <br><br> Appellant. | No. 83342-1-I <br><br> ORDER GRANTING MOTION FOR RECONSIDERATION, WITHDRAWING OPINION, AND SUBSTITUTING OPINION |

Respondent Unions have filed a motion for reconsideration of the opinion filed in the above matter on March 28, 2022. Appellant Freedom Foundation has filed a responses to respondent's motion. The court has determined that respondent's motion for reconsideration should be granted, the opinion should be withdrawn and a substitute opinion be filed. Now, therefore, it is hereby

ORDERED that respondent's motion for reconsideration is granted. It is further

---

[†] See Appendix for a list of all respondents.

No. 83342-1-I/2

ORDERED that the opinion filed on March 28, 2022, is withdrawn and a substitute opinion be filed.

Andrus, A.C.J.

Coburn, J.          Bowman, J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 83342-1-I/3

APPENDIX

LIST OF ALL RESPONDENTS

WASHINGTON FEDERATION OF STATE EMPLOYEES, COUNCIL, 28; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES; WASHINGTON PUBLIC EMPLOYEES ASSOCIATION UFCW LOCAL 365; INTERNATIONAL BROTHERHOOD OF TEAMSETERS, LOCALS 117, 252, 760, 763, 690; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 925; WASHINGTON EDUCATION ASSOCIATION; AMERICAN FEDERATION OF TEACHERS WASHINGTON; PUBLIC SCHOOL EMPLOYEES OF WASHINGTON, SEIU LOCAL 1948; WASHINGTON NURSES ASSOCIATION, UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 21, UNIVERSITY OF WASHINGTON HOUSESTAFF ASSOCIATION, AMALGAMATED TRANSIT UNION LEGISLATIVE COUNCIL OF WA, PROTEC 17, INTERNATIONAL OPERATING ENGINEERS 609, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 32, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 76, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 77, and SEATTLE BUILDING AND CONSTRUCTION TRADES COUNCIL, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 46, FERRY AGENTS, SUPERVISORS, AND PROJECT ADMINISTRATORS, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 302 AND GENERAL TEAMSTERS LOCAL 313, PIERCE COUNTY PROSECUTING ATTORNEY'S ASSOCIATION, OFFICE AND, PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL 8, WASHINGTON STATE COUNCIL OF FIRE FIGHTERS, PIERCE COUNTY BUILDING & CONSTRUCTION TRADES COUNCIL, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, WASHINGTON AND NORTHERN IDAHO DISTRICT COUNCIL OF LABORERS, and WASHINGTON STATE COUNCIL OF COUNTY AND CITY EMPLOYEES, AFSCME COUNCIL 2, STATE OF WASHINGTON; OFFICE OF FINANCIAL MANAGEMENT; DEPARTMENT OF RETIREMENT SYSTEMS; DEPARTMENT OF AGRICULTURE; ARTS COMMISSION; BLIND SERVICES; BLIND, SCHOOL; CENTER FOR CHILDHOOD DEAFNESS AND HEARING LOSS; COMMERCE; CORRECTIONS; CRIMINAL JUSTICE TRAINING COMMISSION; CONSOLIDATED TECHNOLOGY SERVICES; DEPARTMENT OF ENTERPRISE SERVICES; DEPARTMENT OF FISH & WILDLIFE; DEPARTMENT OF SOCIAL AND SERVICES; DEPARTMENT OF CHILDREN YOUTH & FAMILIES; DEPARTMENT OF ECOLOGY; EMPLOYMENT SECURITY DEPARTMENT; HEALTH; HEALTH CARE AUTHORITY; HORSE RACING COMMISSION; HUMAN RIGHTS COMMISSION; INDUSTRIAL APPEALS; OFFICE OF THE INSURANCE COMMISSIONER; DEPARTMENT OF LABOR AND INDUSTRIES; LIQUOR CONTROL BOARD; DEPARTMENT OF LICENSING; WASHINGTON'S LOTTERY; MILITARY DEPARTMENT; DEPARTMENT OF NATURAL RESOURCES; OFFICE OF ADMINISTRATIVE HEARINGS; OFFICE OF MINORITY WOMEN'S BUSINESS ENTERPRISES; RECREATION AND CONSERVATION OFFICE; PARKS; SECRETARY OF STATE; STATE PATROL; TRANSPORTATION; UTILITIES AND TRANSPORTATION COMMISSION; VETERANS AFFAIRS; AND WORKFORCE

No. 83342-1-I/4

TRAINING AND EDUCATION COORDINATING BOARD. DEPARTMENT OF REVENUE; LIQUOR AND CANNABIS CONTROL BOARD; OFFICE OF THE ATTORNEY GENERAL; UNIVERSITY OF =WASHINGTON; UW PHYSICIANS, UNIVERSITY OF WASHINGTON POLICE;WASHINGTON STATE UNIVERSITY; WESTERN WASHINGTON UNIVERSITY; EASTERN WASHINGTON UNIVERSITY; CENTRAL WASHINGTON UNIVERSITY; THE EVERGREEN STATE COLLEGE; BELLEVUE COLLEGE; CENTRALIA COLLEGE; EVERETT COMMUNITY COLLEGE; GREEN RIVER COMMUNITY COLLEGE; LOWER COLUMBIA COLLEGE; PENINSULA COLLEGE; SEATTLE COLLEGES DISTRICT; SHORELINE COMMUNITY COLLEGE; SOUTH PUGET SOUND COMMUNITY COLLEGE; COMMUNITY COLLEGES OF SPOKANE; TACOMA COMMUNITY COLLEGE; AND WHATCOM COMMUNITY COLLEGE; BELLEVUE COLLEGE; BIG BEND COMMUNITY COLLEGE; CASCADIA COLLEGE; CLARK COLLEGE; COLUMBIA BASIN COLLEGE; EDMONDS COMMUNITY COLLEGE; GRAYS HARBOR; HIGHLINE COLLEGE; OLYMPIC COLLEGE; PIERCE COLLEGE; SKAGIT VALLEY COLLEGE; TACOMA COMMUNITY COLLEGE; WALLA WALLA COMMUNITY COLLEGE; WENATCHEE VALLEY COLLEGE; YAKIMA VALLEY COLLEGE; RENTON TECHNICAL COLLEGE; DEPARTMENT OF CORRECTIONS; WASHINGTON STATE FERRIES;DEPARTMENT OF ENTERPRISE SERVICES, BATES TECHNICAL COLLEGE AND BELLINGHAM TECHNICAL COLLEGE; KITSAP REGIONAL LIBRARY; C-TRAN; PIERCE TRANSIT; EVERETT TRANSIT; WHATCOM TRANSIT; SPOKANE TRANSIT; JEFFERSON TRANSIT; CITY OF PULLMAN; VALLEY TRANSIT; ISLAND TRANSIT; KITSAP TRANSIT; CLALLAM TRANSIT; GRANT TRANSIT; RIVER CITIES TRANSIT, COMMUNITY TRANSIT; PACIFIC TRANSIT, GRAYS HARBOR TRANSIT; CASCADE MEDICAL CENTER; EVERGREEN HEALTH; GRAYS HARBOR COMMUNITY HOSPITAL; KITTITAS VALLEY HEALTHCARE; OCEAN BEACH HOSPITAL; PULLMAN REGIONAL HOSPITAL; SEATTLE & SKAGIT REGIONAL HEALTH; SKYLINE HOSPITAL; SNOHOMISH HEALTH DISTRICT; SPOKANE REGIONAL HEALTH DISTRICT; SPOKANE VETERANS HOME; UW MEDICINE – UNIVERSITY OF WASHINGTON MEDICAL CENTER; WALLA WALLA VETERANS HOME; WASHINGTON SOLDIERS HOME; WASHINGTON VETERANS HOME; WHATCOM COUNTY HEALTH DEPARTMENT; WHIDBEY HEALTH, LAKE WASHINGTON INSTITUTE OF TECHNOLOGY, CLOVER PARK TECHNICAL COLLEGE, the following school districts: ESD #101, ESD #112, ESD #113, PUGET SOUND ESD 121(RENTON), ABERDEEN SD #5, ADNA SD #226, ALMIRA SD #17, ANACORTES SD #103, ARLINGTON SD #16, ASOTINANATONE SD #420, AUBURN SD #408, BAINBRIDGE ISLAND SD #303, BATTLE GROUND SD #119, BELLEVUE SD #405, BELLINGHAM SD #501, BETHEL SD #403, BLAINE SD #503, BREMERTON SD #100-C, BREWSTER SD #111, BRIDGEPORT SD #75, BRINNON SD #46, BURLINGTON EDISON SD #100, CAMAS SD #117, CAPE FLATTERY SD #401, CASCADE SD #228, CASHMERE SD #222, CASTLE ROCK SD #401, CENTERVILLE SD #215, CENTRAL KITSAP SD #401, CENTRAL VALLEY SD #356, CENTRALIA SD #401, CHEHALIS SD #302, CHENEY SD #360, CHEWELAH SD #36, CHIMACUM SD #49, CLARKSTON SD #J 250-185, CLE ELUM-ROSLYN SD #404, CLOVER PARK SD #400, COLFAX SD #300, COLLEGE PLACE SD #250, COLTON SD #306, COLUMBIA (STEV) SD #206, COLUMBIA

4

No. 83342-1-I/5

(WALLA) SD #400, COLVILLE SD #115, CONCRETE SD #11, CONWAY SD #317, COSMOPOLIS SD #99, COUPEVILLE SD #204, CRESCENT SD #313, CRESTON SD #073, CUSICK SD #59, DAMMAN SD #7, DARRINGTON SD #330, DAVENPORT SD #207, DAYTON SD #2, DEER PARK SD #414, DIERINGER SD #343, EAST VALLEY SPOKANE SD #361, EAST VALLEY YAKIMA SD #90, EASTMONT SD #206, EASTON SD #28, EATONVILLE SD #404, EDMONDS SD #15, ELLENSBURG SD #401, ELMA SD #68, ENDICOTT SD #308, ENTIAT SD #127, ENUMCLAW SD #216, EPHRATA SD #165, EVERETT SD #2, EVERGREEN (CLARK) SD #114, EVERGREEN (STEVENS) SD #205, FEDERAL WAY SD #210, FERNDALE SD #502, FIFE SD #417, FINLEY SD #53, FRANKLIN PIERCE SD #402, FREEMAN SD #358, GARFIELD SD #302, GOLDENDALE SD #404, GRAND COULEE DAM SD #301J, GRANDVIEW SD #116-200, GRANGER SD #204, GRANITE FALLS SD #332, GRAPEVIEW SD #54, GREAT NORTHERN SD #312, GREEN MOUNTAIN SD #103, GRIFFIN SD #324, HARRINGTON SD #204, HIGHLAND SD #203, HIGHLINE SD #401, HOCKINSON SD #98, HOOD CANAL SD #404, HOQUIAM SD #28, INCHELIUM SD #70, ISSAQUAH SD #411, KAHLOTUS SD 56, KALAMA SD #402, KELLER SD #3, KELSO SD #458, KENNEWICK SD #17, KENT SD #415, KETTLE FALLS SD #212, KIONA BENTON SD #52, KITTITAS SD #403, KLICKITAT SD #402, LA CENTER SD #101, LA CONNER SD #311, LACROSSE SD #126, LAKE CHELAN SD #129, LAKE QUINAULT SD #97, LAKE STEVENS SD #4, LAKE WASHINGTON SD #414, LAKEWOOD SD #306, LAMONT SD #264, LIBERTY SD #362, LIND SD #158, LONGVIEW SD #122, LOON LAKE SD #183, LOPEZ ISLAND SD #144, LYLE SD #406, LYNDEN SD #504, MABTON SD #120, MANSFIELD SD #207, MANSON SD #19, MARY M KNIGHT SD #311, MARY WALKER SD #207, MARYSVILLE SD #25, MC CLEARY SD #65, MEAD SD #354, MEDICAL LAKE SD #326, MERCER ISLAND SD #400, MERIDIAN SD #505, METHOW VALLEY SD #350, MONROE SD #103, MONTESANO SD #66, MORTON SD #214, MOSES LAKE SD #161, MOSSYROCK SD #206, MOUNT ADAMS SD #209, MOUNT BAKER SD #507, MOUNT PLEASANT SD #29-93, MOUNT VERNON SD #320, MUKILTEO SD #6, NACHES VALLEY SD #3, NAPAVINE SD #14, NASELLE GRAYS RIVER VALLEY SD #155, NESPELEM SD #14, NEWPORT SD #56-415, NINE MILE FALLS SD #325, NOOKSACK VALLEY SD #506, NORTH BEACH SD #64, NORTH FRANKLIN SD #J51-162, NORTH KITSAP SD #400, NORTH MASON SD #403, NORTH RIVER SD #200, NORTH THURSTON SD #3, NORTHPORT SD #211, NORTHSHORE SD #417, OAK HARBOR SD #201, OAKVILLE SD #400, OCEAN BEACH SD #101, OCOSTA SD #172, ODESSA SD #105-157-166J, OKANOGAN SD #105, OLYMPIA SD #111, OMAK SD #19, ONALASKA SD #300, ONION CREEK SD #30, ORCAS ISLAND SD #137, ORIENT SD #65, ORONDO SD #13, OROVILLE SD #410, ORTING SD #344, OTHELLO SD #147-163-55, PALOUSE SD #301, PASCO SD #1, PATEROS SD #122, PE ELL SD #301, PENINSULA SD #401, PIONEER SD #402, POMEROY SD #110, PORT ANGELES SD #121, PORT TOWNSEND SD #50, PRESCOTT SD #402-37, PROSSER SD #116, PULLMAN SD #267, PUYALLUP SD #3, QUEETS-CLEARWATER SD #20, QUILCENE SD #48, QUILLAYUTE VALLEY SD #402, QUINCY SD #144-101, RAINIER SD #307, RAYMOND SD #116, REARDANEDWALL SD #9, RENTON SD #403, REPUBLIC SD #309, RICHLAND SD #400, RIDGEFIELD SD #122, RITZVILLE SD #160-67, RIVERSIDE SD #416, RIVERVIEW SD #407, ROCHESTER SD #401, ROSALIA SD

No. 83342-1-I/6

#320, ROYAL SD #160, SAN JUAN ISLAND SD #149, SEATTLE SD #1, SEDRO WOOLLEY SD #101, SELAH SD #119, SELKIRK SD #70, SEQUIM SD #323, SHELTON SD #309, SHORELINE SD #412, SKYKOMISH SD #404, SNOHOMISH SD #201, SNOQUALMIE VALLEY SD #410, SOAP LAKE SD #156, SOUTH BEND SD #118, SOUTH KITSAP SD #402, SOUTH WHIDBEY SD #206, SOUTHSIDE SD #42, SPOKANE SD #81, SPRAGUE SD #8, STANWOOD-CAMANO SD #401, STEILACOOM HISTORICAL SD #1, STEVENSON-CARSON SD #303, SULTAN SD #311, SUMNER-BONNEY LAKE SD #320, SUNNYSIDE SD #201, TACOMA SD #10, TAHOLAH SD #77, TAHOMA SD #409, TEKOA SD #265, TENINO SD #402, THORP SD #400, TOLEDO SD #237, TONASKET SD #404, TOPPENISH SD #202, TOUCHET SD #300, TOUTLE LAKE SD #130, TUKWILA SD #406, TUMWATER SD #33, UNION GAP SD #2, UNIVERSITY PLACE SD #83, VALLEY SD #070, VANCOUVER SD #37, VASHON ISLAND SD #402, WAHKIAKUM SD #200, WAHLUKE SD #73, WAITSBURG SD #401, WALLA WALLA SD #140, WAPATO SD #207, WARDEN SD #146-161, WASHOUGAL SD #112-6, WASHTUCNA SD #109-43, WATERVILLE SD #209, WELLPINIT SD 49, WENATCHEE SD #246, WEST VALLEY (SPOK) #363, WEST VALLEY (YAK) SD #208, WHITE PASS SD #303, WHITE RIVER SD #416, WHITE SALMON SD #405, WILBUR SD #200, WILLAPA VALLEY SD #160, WILSON CREEK SD #167-202, WINLOCK SD #232, WISHKAH VALLEY SD #117, WISHRAM SD #94, WOODLAND SD #404, YAKIMA SD #7, YELM SD #2, ZILLAH SD #205, SEATTLE PUBLIC SCHOOLS FOR LOCAL 609, WA STATE PRINTER, KING COUNTY, PIERCE COUNTY, GRAYS HARBOR COUNTY, SPOKANE COUNTY, CITIES OF SEATTLE, TACOMA, AUBURN, KENT, REDMOND, BLACK DIAMOND, LAKE FOREST PARK, WOODINVILLE, GIG HARBOR, BLACK DIAMOND, ELMA, QUINCY, SNOHOMISH, TUMWATER, WINLOCK, FIFE, SEATTLE HOUSING AUTHORITY, SCORE, TACOMA-PIERCE COUNTY HEALTH DEPARTMENT, TACOMA-PIERCE COUNTY HUMANE SOCIETY, TOWN OF STEILACOOM, WASHINGTON STATE CONVENTION CENTER, WATER DISTRICT 125, WOODLAND PARK ZOO, SNOHOMISH COUNTY PUD, KING COUNTY HOUSING AUTHORITY, BENTON COUNTY PUBLIC UTILITY DISTRICT, CHELAN COUNTY PUBLIC UTILITY DISTRICT, CLALLAM COUNTY PUBLIC UTILITY DISTRICT, CLARK COUNTY PUBLIC UTILITY DISTRICT, FRANKLIN COUNTY PUBLIC UTILITY DISTRICT, GRAYS HARBOR COUNTY PUBLIC UTILITY DISTRICT, JEFFERSON COUNTY PUBLIC UTILITY DISTRICT, KITTITAS COUNTY PUBLIC UTILITY DISTRICT, KLICKITAT COUNTY PUBLIC UTILITY DISTRICT, LEWIS COUNTY PUBLIC UTILITY DISTRICT, MASON COUNTY PUBLIC UTILITY DISTRICT NO. 1, MASON COUNTY PUBLIC UTILITY DISTRICT, NO. 3, OKANOGAN COUNTY PUBLIC UTILITY DISTRICT, PACIFIC COUNTY PUBLIC UTILITY DISTRICT, PEND OREILLE COUNTY PUBLIC UTILITY DISTRICT, SKAGIT COUNTY PUBLIC UTILITY DISTRICT, THURSTON COUNTY PUBLIC UTILITY DISTRICT, ENERGY NORTHWEST, SEATTLE CITY LIGHT, KING COUNTY METRO, SOUND TRANSIT, , LAKEHAVE UTILITY DISTRICT, CITY OF SUMNER, CITY OF BUCKLEY, VASHON WATER DISTRICT 19, METROPOLITAN PARK DISTRICT OF TACOMA, MASON COUNTY, KITSAP COUNTY, EVERGREEN HOSPITAL, WASHINGTON STATE FERRIES AND PORT OF SEATTLE, ABERDEEN FIRE DEPARTMENT, BAINBRIDGE ISLAND FIRE DEPARTMENT, BENTON COUNTY FIRE DISTRICT 1, BENTON COUNTY FIRE

6

No. 83342-1-I/7

DISTRICT 4, BENTON COUNTY FIRE PROTECTION DISTRICT 2, BENTON COUNTY FIRE DISTRICT 6, BREMERTON FIRE DEPARTMENT, BREMERTON HOUSING AUTHORITY, CAMAS-WASHOUGAL FIRE DEPARTMENT, CENTRAL KITSAP FIRE AND RESCUE, CENTRAL PIERCE FIRE & RESCUE - PIERCE COUNTY FIRE DISTRICT 6, CHEHALIS FIRE DEPARTMENT, CHELAN COUNTY FIRE DISTRICT 7, CHELAN-DOUGLAS HEALTH DISTRICT, CITY OF ABERDEEN, CITY OF ALGONA, CITY OF BOTHELL, CITY OF CHENEY, CITY OF CLARKSTON, CITY OF COLLEGE PLACE, CITY OF EDMONDS, CITY OF ELLENSBURG, CITY OF KENNEWICK, CITY OF KIRKLAND, CITY OF MERCER ISLAND, CITY OF MOSES LAKE, CITY OF MUKILTEO, CITY OF ORTING, CITY OF PASCO, CITY OF PORT ANGELES, CITY OF REDMOND, CITY OF RICHLAND, CITY OF SNOQUALMIE, CITY OF SPOKANE, CITY OF SPOKANE VALLEY, CITY OF SUNNYSIDE, CITY OF TUKWILA, CITY OF WENATCHEE, CLALLAM COUNTY FIRE DISTRICT 3, CLARK COUNTY FIRE AND RESCUE, CLARK COUNTY FIRE DISTRICT 3, CLARK COUNTY FIRE DISTRICT 6, COLUMBIA COUNTY FIRE DISTRICT 3, COWLITZ 2 FIRE AND RESCUE, COULEE CITY FIRE DEPARTMENT, COWLITZ COUNTY FIRE DISTRICT 5, COWLITZ COUNTY FIRE DISTRICT 6, DOUGLAS COUNTY FIRE DISTRICT 2, DUPONT FIRE DEPARTMENT, DUVALLKING COUNTY FIRE PROTECTION DISTRICT 45, EAST COUNTY FIRE AND RESCUE, EAST JEFFERSON FIRE AND RESCUE, EAST PIERCE FIRE AND RESCUE, ELLENSBURG LIBRARY, FRANKLIN COUNTY FIRE DISTRICT 3, GIG HARBOR FIRE & MEDIC ONE / PIERCE COUNTY FIRE DISTRICT 5, GRAHAM FIRE AND RESCUE / PIERCE COUNTY FIRE PROTECTION DISTRICT 21, GRANDVIEW FIRE DEPARTMENT, GRANT COUNTY FIRE DISTRICT 3, GRAYS HARBOR FIRE DISTRICT 7, GRAYS HARBOR FIRE DISTRICT 2, GRAYS HARBOR FIRE DISTRICT 5, HANFORD FIRE DEPARTMENT, HOQUIAM FIRE DEPARTMENT, KEY PENINSULA FIRE DEPARTMENT / PIERCE COUNTY FIRE DISTRICT 16, KING COUNTY FIRE DISTRICT 20 , KING COUNTY FIRE DISTRICT 27, KING COUNTY SHERRIFF'S OFFICE, KITSAP PUBLIC HEALTH DISTRICT, KITTITAS COUNTY, KLICKITAT COUNTY EMS DISTRICT 1, LACEY FIRE DISTRICT 3, LEWIS COUNTY FIRE DISTRICT 6, LEWIS COUNTY MEDIC ONE, LONGVIEW FIRE DEPARTMENT, MARYSVILLE FIRE DISTRICT, MASON COUNTY EMERGENCY COMMUNICATIONS (MACECOM), MASON COUNTY FIRE DEPARTMENT 4, MASON COUNTY FIRE DEPARTMENT 5, PIERCE COUNTY FIRE DISTRICT 27, MCNEIL ISLAND FIRE DEPARTMENT, MONTESANO FIRE DEPARTMENT, NORTH COUNTRY EMERGENCY MEDICAL SERVICE, NORTH KITSAP FIRE AND RESCUE, NORTH MASON REGIONAL FIRE AUTHORITY, NORTHSHORE FIRE DEPARTMENT, OCEAN SHORES FIRE DEPARTMENT, OKANOGAN COUNTY FIRE DISTRICT 6, OLYMPIA FIRE DEPARTMENT, PACIFIC COUNTY FIRE DISTRICT 1, PIERCE COUNTY HOUSING AUTHORITY, PORT LUDLOW FIRE & RESCUE, POULSBO FIRE DEPARTMENT, QUILCENE FIRE RESCUE AKA JEFFERSON COUNTY FIRE PROTECTION DISTRICT 2, RAYMOND FIRE DEPARTMENT, RENTON REGIONAL FIRE AUTHORITY, RIVERSIDE FIRE AUTHORITY, SAMARITAN HEALTHCARE, SAN JUAN ISLAND EMS AND MEDEVAC, SHORELINE FIRE DEPARTMENT, SKAMANIA COUNTY EMERGENCY MEDICAL SERVICES, SNOHOMISH COUNTY FIRE DISTRICT 4, SNOHOMISH COUNTY FIRE DISTRICT 7, SOUTH BAY FIRE DISTRICT

No. 83342-1-I/8

8, SOUTH BEACH REGIONAL FIRE AUTHORITY, SOUTH KITSAP FIRE AND RESCUE, SOUTH PIERCE FIRE AND RESCUE, SOUTH SNOHOMISH COUNTY FIRE & RESCUE, SPOKANE COUNTY FIRE DISTRICT 10, SPOKANE COUNTY FIRE DISTRICT 8, SPOKANE COUNTY FIRE DISTRICT 9, SPOKANE INTERNATIONAL AIRPORT, STEVENS COUNTY FIRE PROTECTION DISTRICT 1, TACOMA HOUSING AUTHORITY, THURSTON COUNTY FIRE DISTRICT 4, RAINIER FIRE DEPARTMENT, THURSTON COUNTY FIRE DISTRICT 9, MCLANE FIRE DEPARTMENT, TULALIP BAY FIRE DEPARTMENT, SNOHOMISH COUNTY FIRE PROTECTION, DISTRICT 15, TUMWATER FIRE & EMERGENCY MEDICAL SERVICES, VANCOUVER FIRE DEPARTMENT, WALLA WALLA COUNTY FIRE DISTRICT 4, WALLA WALLA COUNTY FIRE DISTRICT 5, WASHINGTON STATE FERRIES, WEST BENTON FIRE & RESCUE, WEST PIERCE FIRE AND RESCUE, WEST THURSTON REGIONAL FIRE AUTHORITY, WILLAPA HARBOR HOSPITAL, WOODINVILLE FIRE AND RESCUE, YAKIMA COUNTY FIRE DISTRICT #4 / EAST VALLEY FIRE DEPARTMENT, YAKIMA HEALTH DISTRICT, NORTH SHORE SCHOOL DISTRICT, SNOHOMISH COUNTY, ROZA IRRIGATION DISTRICT, SUNNYSIDE VALLEY IRRIGATION DISTRICT, YAKIMA-TIETON IRRIGATION DISTRICT, AND CLARK COUNTY PUBLIC HEALTH.

FILED
6/13/2022
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| WASHINGTON FEDERATION OF STATE EMPLOYEES, COUNCIL, 28; et al.† | No. 83342-1-I |
| Respondents, | DIVISION ONE |
| v. | PUBLISHED OPINION |
| STATE OF WASHINGTON; et. al. | |
| Respondents, | |
| FREEDOM FOUNDATION, | |
| Appellant. | |

ANDRUS, A.C.J. — The Freedom Foundation (Foundation) appeals the entry of a permanent injunction precluding the State of Washington from disclosing the names, birthdates, work addresses, and work emails of public employees who have certified to their union or to the State that they or a family member are survivors of domestic violence, sexual assault, stalking, or harassment. The Foundation contends no public employee has a constitutional right to prevent the State from disclosing this information under the Public Records Act (PRA).[1]

---

† See Appendix for a list of all respondents.
[1] Ch. 42.56 RCW.

Citations and pin cites are based on the Westlaw online version of the cited material.

No. 83342-1-I/2

We reject the Foundation's argument and conclude that public employees who are survivors, or whose immediate family members are survivors, of domestic violence, sexual assault, stalking, or harassment have a substantive due process right to personal security and bodily integrity. This constitutional right precludes the State from disclosing their name and physical work location or work contact information when doing so presents a substantial likelihood that the employee's physical safety or the safety of that employee's family member would be in danger.

Under RCW 42.56.540, however, injunctive relief is only appropriate when an individual can establish substantial and irreparable harm from the disclosure of protected information. The record before the trial court is insufficient to establish an individualized risk of bodily harm to the over 1,000 employees on whose behalf the Unions sought injunctive relief. Accordingly, we reverse the order granting summary judgment to the Unions, reverse the permanent injunction, and remand to the trial court to determine the most appropriate method of conducting this individualized risk assessment as required by RCW 42.56.540.

<u>FACTS</u>

The Foundation is a nonprofit organization that seeks to promote "individual liberty, free enterprise, and limited, accountable government." One focus of the Foundation's mission is to inform public employees of their right to opt out of union membership. To identify, and directly contact, members of its public employee audience, the Foundation sent several PRA requests to hundreds of public entities seeking, among other things, employees' full name, full birthdate, job title, work email address, employer, and duty station address.

- 2 -

On December 18, 2019, several labor organizations[2] (the Unions) filed a complaint against multiple state agencies, universities, and community colleges, asserting that the release of the personal information of survivors of domestic violence, stalking, and sexual assault would violate their constitutional rights, making the requested information exempt under RCW 42.56.070(1). That same day, the Unions obtained an ex parte temporary restraining order, prohibiting the named agencies from releasing information to the Foundation until a hearing could be held on the Unions' motion for preliminary injunctive relief.

On December 23, 2019, the Unions filed an amended complaint, naming additional unions as plaintiffs and filed a motion for a preliminary injunction. The Foundation opposed the injunction. After a hearing on December 27, 2019, the trial court preliminarily enjoined the named public entities from "releasing or disclosing the names, birthdates, duty station/location and work email" of the certain public employees deemed to be "protected employees." The trial court defined the "protected employees" as any public employee who provided DRS or their union specified documentation evidencing their status or the status of a family member as a survivor of domestic violence, sexual assault or stalking.[3]

---

[2] The original group consisted of four unions, but was later amended to include more than 30 labor organizations.

[3] The court held that the documentation had to consist of (a) a police report indicating the employee or their family member was the victim of domestic violence, sexual assault, or stalking; (b) a court order protecting the employee or their family member from the perpetrator of domestic violence, sexual assault, or stalking; (c) documentation from a domestic violence advocate, attorney, clergy member, or medical professional, attesting to the fact that the public employee or a member of their family sought assistance to address domestic violence, sexual assault or stalking; (d) a written statement from the public employee attesting to their status or that of a family member as a survivor of domestic violence, sexual assault, or stalking; or (e) a court-issued temporary protection order or anti-harassment order.

- 3 -

The court found that disclosure would violate these protected employees' rights of privacy under the constitutions of Washington State and the United States "because their personal bodily security and lives would be jeopardized by the release of their names linked with their birthdates, work title and work location" and therefore would violate RCW 42.56.070(1). To give the public entities time to identify their "protected employees," the trial court enjoined the disclosure of any names, birthdates, duty station or work locations, and work emails of any public employee represented by the Unions until March 31, 2020. The court required the Unions and the public entities to file status reports on their efforts to identify the protected employees by February 25, 2020, and it set a status hearing for March 6, 2020.

Shortly after the court entered the preliminary injunction, the Unions learned that the Foundation had sent PRA requests to additional local and state agencies, seeking the same personal information covered by the preliminary injunction. Because the recipients of these requests were not named in the lawsuit, the Unions filed a second amended complaint to add them as named defendants and moved to extend the preliminary injunction to them. The trial court granted the Unions' motion.

On January 15, 2020, the Foundation sent PRA requests to another 300 state and local agencies who were not yet parties to the litigation, seeking the same information. When the Unions learned of these PRA requests, they amended their complaint a third, fourth, and fifth time on January 28, February 02, and February 28, 2020, respectively, to add these agencies as named defendants

- 4 -

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

and again asked the court to extend the preliminary injunction to cover them. The trial court extended the preliminary injunction to these newly named parties.

On March 23, 2020, the trial court extended the duration of the preliminary injunction until May 15, 2020, and directed the Unions and public agencies to file status reports with the court regarding their compliance with the injunction by April 30, 2020. The trial court also issued a protective order, deeming all documents and information shared by potentially protected persons confidential and exempt from disclosure. It established a process to protect that confidentiality while determining which of the employees are protected under the preliminary injunction.

Throughout the litigation, the Unions and agencies filed status reports pursuant to the court's orders, ultimately indicating that they had identified approximately 1,000 protected employees whose information was exempt from disclosure under the preliminary injunction.

During the pendency of the lawsuit, on March 1, 2020, Substitute House Bill (SHB) 1071 became effective. SUBSTITUTE H.B. 1071, 66th Leg., Reg. Sess. (Wash. 2019). One provision of SHB 1071 amended RCW 42.56.590, which requires that agencies notify Washington residents when their personal information is accessed in a data security breach. RCW 42.56.590(1). Relevant to this case, SHB 1071 amended the definition of "personal information" to include an individual's name in combination with their full date of birth. SUBSTITUTE H.B. 1071, at 13, 66th Leg., Reg. Sess. (Wash. 2019); RCW 42.56.590(10)(a)(i)(D).

In response to this change in the law, the Unions moved for leave to file a sixth amended complaint, seeking to enjoin the release of full birthdates for all

public employees—not just those of domestic violence survivors.  On May 8, 2020, the trial court issued a supplemental order enjoining the release of the birthdates linked to public employee names, concluding that the information was exempt from disclosure under RCW 42.56.230(3) when that provision was read in harmony with RCW 42.56.590(10).

The Unions then moved for summary judgment and for entry of a permanent injunction, which the trial court granted on July 17, 2020.[4]  The trial court concluded that the disclosure of "personal information,"—which it defined to include names, birthdates, bargaining unit indicator, duty station/location and work email—of public employees who are, or whose family members are survivors of domestic violence, sexual assault, stalking, or harassment would violate those employees' constitutional rights and RCW 42.56.070(1).  The court permanently enjoined disclosure of this information for protected employees.

The trial court further found that the release of the full birthdates in conjunction with public employees' names would violate RCW 42.56.230(3) when read in harmony with RCW 42.56.590(10).  The court accordingly enjoined release of this information.

The Foundation appeals the preliminary injunction, the orders extending it, the order granting summary judgment, and the resulting permanent injunction.

---

[4] The order was later corrected to limit the relief to the previously identified protected employees.

ANALYSIS

1.  Public Records Act – Constitutional Exemptions

Initially passed as a citizen's initiative in 1972, the PRA serves to ensure governmental transparency in Washington State.  Freedom Found. v. Gregoire, 178 Wn.2d 686, 694-95, 310 P.3d 1252 (2013).  The PRA embodies "a strongly worded mandate for broad disclosure of public records."  Id. (quoting Hearst Corp. v. Hoppe, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)).  To effectuate this mandate, the PRA directs each public agency to allow public access to "all public records, unless the record falls within the specific exemptions of subsection (8) of this section, this chapter, or other statute which exempts or prohibits disclosure of specific information or records." RCW 42.56.070(1).

There are three sources of PRA exemptions: (1) the PRA itself; (2) "other statutes" that create an exemption;[5] and (3) the Washington constitution.  White v. Clark County, 188 Wn. App. 622, 630-31, 354 P.3d 38 (2015).  "[T]he PRA must give way to constitutional mandates."  Gregoire, 178 Wn.2d at 695 (constitutional separation of powers doctrine results in executive communications privilege to the PRA).  Under the PRA, the public agency bears the burden of showing that records fall within an exemption.  Neigh. All. v. Spokane County, 172 Wn.2d 702, 715, 261 P.3d 119 (2011).  To preserve the PRA's broad mandate for disclosure, we construe the PRA's provisions liberally and its exemptions narrowly.  Gregoire, 178 Wn.2d at 695.

---

[5] The "other statutes" exemption incorporates into the PRA other statutes which exempt or prohibit disclosure of specific information or records.  Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wn.2d 243, 261-62, 884 P.2d 592 (1994).

- 7 -

2. Constitutional Right to Personal Security and Bodily Integrity

The Foundation argues that the information it seeks is work-related information about public employees, none of which is constitutionally protected or otherwise exempt under the PRA. The Unions contend that protected employees' personal information is exempt from disclosure under article I, section 3 of the Washington Constitution, and the Fourteenth Amendment to the United States Constitution.

We conclude that public employees who are survivors, or whose immediate family members are survivors, of domestic violence,[6] sexual assault,[7] stalking,[8] or harassment,[9] have a substantive due process right to personal security and bodily integrity. This constitutional right precludes the State from disclosing their name, physical work location, and work contact information when doing so presents a substantial likelihood that the employee's physical safety or the safety of that employee's family member would be in danger.

Both the Washington and the United States Constitutions mandate that no person may be deprived of life, liberty, or property without due process of law. U.S.

---

[6] "Domestic violence," as defined in the Domestic Violence Act, RCW 10.99.020, includes 23 separate crimes, most of them violent, against one family or household member against another, or one intimate partner against another. It is recognized by the legislature as "a serious crime against society." RCW 10.99.010. Under the Domestic Violence Protection Act, ch. 26.50 RCW, "domestic violence" includes physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, sexual assault, or stalking against intimate partners, family members or household members. RCW 26.50.010. Our Supreme Court in Danny v. Laidlaw Transit Services, Inc., 165 Wn.2d 200, 221, 193 P.3d 128 (2008), recognized a clear mandate of public policy to protect victims of domestic violence.

[7] "Sexual assault," identified by our legislature as "the most heinous crime against another person short of murder," RCW 7.90.005, includes all nonconsensual sexual conduct. RCW 7.90.010(6).

[8] "Stalking" is defined as the intentional and repeated harassment or following of another person with the intent to frighten, intimidate, or harass the person. RCW 9A.46.110.

[9] "Harassment" is defined as knowingly threatening to cause bodily injury or physical damage to the property of another. RCW 9A.46.020.

- 8 -

CONST. amends. XIV, § 1; WASH. CONST., art. I, § 3. These provisions protect a citizen's liberty interest in their personal security and bodily integrity. Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061 (9th Cir. 2006); see also Ingraham v. Wright, 430 U.S. 651, 673-74, 97 S.Ct. 1401, 51 L. Ed. 2d 711 (1977). "Individuals have a clearly established right under the substantive component of the Due Process Clause to personal security and to bodily integrity, and this right is fundamental where the magnitude of the liberty deprivation that the abuse inflicts upon the victim strips the very essence of personhood." Kallstrom v. City of Columbus, 136 F.3d 1055, 1063-64 (6th Cir. 1998) (internal quotations omitted) (quoting Doe v. Clairborne, 103 F.3d 495, 506-07 (6th Cir. 1996)).

The state's failure to protect an individual against private acts of violence does not violate the guarantee of due process, but federal courts have recognized the "state-created danger" substantive due process doctrine. DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 197, 201, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989); Irish v. Fowler, 979 F.3d 65, 73 (1st Cir. 2020), cert. denied, 142 S. Ct. 74, 211 L. Ed. 2d 13 (2021). Under this doctrine, government actors may be held liable for failing to protect individuals from dangers they create or enhance. Irish, 979 F.3d at 74. Disclosing information about public employees that places them or their family members in danger by substantially increasing the likelihood that a private actor would harm the employees or their family members creates a constitutionally cognizable danger giving rise to a violation of due process. Kallstrom, 136 F.3d at 1067. Where state law mandates the disclosure of information about a public employee and that disclosure risks an infringement

of the fundamental right to personal security and bodily integrity, we will apply strict scrutiny to that law and uphold it only where it furthers a compelling state interest and is narrowly drawn to further that state interest. Id. at 1064.

While the Foundation frames the right the Unions seek to protect as a right to privacy arising under article I, section 7 of the Washington Constitution, the Unions actually seek to protect the lives or physical safety of their members, not their right to keep information private. The Unions focus on protecting survivors from actual bodily harm, not mere embarrassment or discomfort at having sensitive information accessible to the public. This potential harm directly implicates the right to personal security and bodily integrity. We conclude that under the substantive due process clause, article I, section 3, of the Washington Constitution, survivors of domestic violence, sexual assault, stalking or harassment have a fundamental constitutional interest in preventing the release of information about their whereabouts when their perpetrators could use the information to locate them and inflict physical harm on them or their family members.

The Foundation argues that the Unions fail to demonstrate a justiciable controversy because the contention that the disclosure of names, work locations and work emails could harm survivors is "entirely theoretical, hypothetical, and speculative." The Uniform Declaratory Judgment Act, chapter 7.24 RCW, requires a justiciable controversy, meaning one (1) presenting an actual, present, and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) involving interests that are direct and

No. 83342-1-I/11

substantial, rather than potential, theoretical, abstract, or academic, and (4) of which a judicial determination will be final and conclusive. To-Ro Trade Shows v. Collins, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001) (quoting Diversified Indus. Dev. Corp. v. Ripley, 82 Wn.2d 811, 814-15, 514 P.2d 137 (1973)).

The Unions, however, have met this test. There is an actual legal dispute—whether public employees who have experienced domestic violence or sexual assault have a constitutional right to have their employer withhold information about their work location. Their interests are clearly contrary to the statutory rights the Foundation asserts under the PRA.

And the protected public employees' interests are direct and substantial. Domestic violence expert Grace Huang testified that "it is critical for the safety and well-being of many state workers who have experienced domestic violence, sexual assault, human trafficking or stalking, that their personal identifying information, including dates of birth, contact information, and work address or other location information be kept private and confidential." She explained that these employees' "need to maintain the privacy and confidentiality of their personal identifying information . . . is strongly linked to their safety, and in some instances, their very lives." This evidence demonstrates that threat of harm to protected employees is far more than hypothetical or speculative. Finally, a judicial decision as to the scope of the protected employees' right to an exemption under the PRA would be final and conclusive. The constitutional issue is thus justiciable.

Because the state law at issue here—a law mandating disclosure of public employee names, work addresses and work emails—may infringe a fundamental

- 11 -

right to personal security and bodily integrity, we apply strict scrutiny to evaluate whether the State has a compelling interest in mandatory disclosure of this information under the PRA and whether the PRA is narrowly drawn to protect this government interest.

The government interest in disclosure of information relating to public workers "serves legitimate public interests, furthering the policy of the PRA to promote transparency and public oversight." Wash. Pub. Emps. Ass'n v. Wash. State Ctr. For Childhood Deafness & Hearing Loss, 194 Wn.2d 484, 508, 450 P.3d 601 (2019) (WPEA). This public oversight allows citizens to remain "informed so that they may maintain control over the instruments that they have created" and protect the sovereignty of the people. RCW 42.56.030. The Supreme Court has previously recognized that "[p]ublic employees are paid with public tax dollars and, by definition, are servants of and accountable to the public. The people have a right to know who their public employees are and when those employees are not performing their duties." Predisik v. Spokane Sch. Dist. No. 81, 182 Wn.2d 896, 908, 346 P.3d 737 (2015) (identities of school employees on paid administrative leave pending investigations into misconduct must be disclosed under PRA). The government has a compelling interest in disclosing information regarding the identity, work locations and work email addresses of its public employees.

Nevertheless, when the disclosure of personally identifying information about a public employee is capable of being used to locate domestic violence or sexual assault survivors and to cause them harm, a PRA that mandates the disclosure of public employee names, birthdates, work addresses, and work emails

- 12 -

is not narrowly tailored enough to serve a compelling interest in transparency. See Kallstrom, 136 F.3d at 1065 (holding that the automatic disclosure of the officers' personal information was not drawn narrowly enough to serve the State's interest in ensuring accountable governance).

There may be circumstances under which the release of information relating to a domestic violence survivor's identity and work location might further the public's oversight of its public agencies, such as when that employee has been placed on leave pending an investigation into alleged misconduct or when that employee has been found to have committed work-related malfeasance. But the automatic disclosure of the information about every employee, without an assessment of the risks of physical violence such disclosure may create, is not drawn narrowly enough to ensure accountable government. The names of public employees and their work stations say little about the function of our government. Work email addresses would not reveal government corruption or illuminate performance and discipline of government employees. Thus, automatic disclosure of personally identifying information, including a work address and work email, of victims of domestic violence, sexual assault, stalking, or harassment is not narrowly tailored to serve the compelling government interest in transparency.

We conclude that survivors of domestic violence, sexual assault, stalking or harassment have a fundamental constitutional interest in preventing the release of information about their employment location, including their name, physical work address, and work email, when their perpetrators could use the information to locate them and inflict physical harm on them or their family members. If this test

is met, the information would be exempt from disclosure under article I, section 3 of the Washington constitution.[10]

    3.    <u>Sufficiency of Evidence on Summary Judgment</u>

The Foundation contends that the Unions failed to present sufficient admissible evidence to support a finding that disclosure will present a risk of physical injury to any of the 1,000 protected public employees identified by the Unions and DRS.  We agree.

We review summary judgment decisions and actions under the PRA's injunction provision, RCW 42.56.540, de novo.  <u>Doe L v. Pierce County</u>, 7 Wn. App. 2d 157, 176, 433 P.3d 838 (2018).  Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  <u>Id.</u>  "[A plaintiff is] entitled to a permanent injunction [under the PRA] only if the public records disclosure would clearly not be in the public interest, and would substantially and irreparably damage any person or would substantially and irreparably damage vital government functions. RCW 42.56.540."  <u>Lyft, Inc. v. City of Seattle</u>, 190 Wn.2d 769, 785, 418 P.3d 102 (2018).  The party seeking to prevent disclosure has the burden of proof.  <u>Id.</u> at 786.  Any findings of fact

---

[10] The Foundation argues the Unions "overlook[] the method by which the Washington State Legislature has already determined is appropriate to protect the release of information for those [survivors]."  Specifically, the Foundation argues that the Address Confidentiality Program (ACP) protects program participants' addresses from disclosure.  While it is true that the ACP does protect from disclosure the addresses of survivors who participate in the program, the Unions presented expert evidence that this program is inadequate to address the concerns raised here.  Domestic violence expert Grace Huang testified that "there are many victims who do not fall within the specific eligibility guidelines, or cannot conform with the program requirements, and most importantly, many for whom the program does not make sense in their safety planning."  Moreover, the Foundation fails to explain how the existence of a statutory right in some way justifies the erosion of a constitutional one.

- 14 -

supporting an injunction under the PRA are reviewed for substantial evidence.  Id. at 791.

In granting the preliminary injunction, the trial court found that disclosure of the requested information would violate domestic violence and sexual assault survivors' constitutional rights "because their personal bodily security and lives would be jeopardized by the release of their names linked with their birthdates, work title and work location."[11]  The court granted summary judgment and issued the permanent injunction based, in part, on this finding.  The court further found for purposes of the permanent injunction that disclosure would not be in the public interest because "public employees represented by plaintiffs will suffer substantial and irreparable harm."

Evidence submitted on summary judgment and in support of a permanent injunction must be admissible under the rules of evidence.  SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 141, 331 P.3d 40 (2014) (summary judgment); CR 65(a)(2).  Hearsay evidence does not suffice.  SentinelC3, 181 Wn.2d at 141.

In this case, the Unions submitted declarations from union representatives who represent survivors of domestic violence, expressing their concerns that release of the requested information would put those members at risk.  Many of these witnesses shared anecdotes from their union members detailing their

---

[11] The Foundation assigns error to the trial court's issuance of the preliminary injunction.  It failed, however, to include any argument as to why the court erred in entering the preliminary injunction.  "The failure of an appellant to provide argument and citation of authority in support of an assignment of error precludes appellate consideration of an alleged error."  Prostov v. Dep't of Licensing, 186 Wn. App. 795, 823, 349 P.3d 874 (2015).  Therefore, we will not address the issue.

victimization, their efforts to remain hidden from their perpetrators, and their concerns for their own safety. These anecdotes are heart-wrenching.

Kent Stanford, the president of the Washington Public Employees Association, shared the story of a member who, as a survivor of domestic violence, had taken drastic steps to avoid being found by her abuser. These steps included obtaining a restraining order, relocating, enrolling her children in a new school, obtaining the legal right to use a substitute address, and working with her employer to conceal her financial affairs. Similarly, Leanne Kunze, Deputy Executive Director of the Washington Federation of State Employees, shared that one member had survived a near-fatal attack by her estranged husband, while another had continued to be stalked and harassed by her former husband despite obtaining a restraining order and participating in the Washington State Address Confidentiality Program (ACP).[12] The union witnesses reported that these members felt fear for their safety, should the requested information be released.

The Foundation contends that these anecdotes, presented through third-party accounts of past events, are inadmissible hearsay. The Unions argue the challenged statements are not hearsay because they were not offered to prove the truth of the members' domestic violence histories, but rather to provide context for why the Unions initiated the lawsuit. They further maintain that the evidence is admissible under ER 803(a)(3), as "[a] statement of the declarant's then existing

---

[12] RCW 40.24.030 provides that a person who has been a target of threats or harassment in violation of RCW 9A.46.020(2)(b)(iii) or (iv), and any family member residing with them, may apply to the secretary of state to have an address designated by the secretary to serve as that person's address.

state of mind [or] emotion" because they speak to the survivors' fears of being located by their perpetrators.

The Unions' evidentiary arguments are not persuasive. First, the Unions' motivation for initiating this lawsuit is not relevant to whether the release of information could be used by a perpetrator to locate public employees and inflict physical harm on them or their family members. And the Unions offered the evidence to establish the fact that disclosure would jeopardize the public employees' safety, not to establish the Unions' motivation for seeking an injunction.

Second, the declarations do not simply recount statements from the survivors describing their state of mind. They provide factual details regarding the members' past assaults and attempts to protect their safety. ER 803(a)(3) allows statements of "then existing feelings," i.e., what the declarant's state of mind was at the time the statement was made; it does not permit the admission of statements "of memory or belief to prove the fact remembered or believed." See In re Dependency of Penelope B, 104 Wn.2d 643, 657, 709 P.2d 1185 (1985) (foster mother's testimony regarding child's statement of past events inadmissible hearsay). Moreover, "statements discussing the conduct of another person that may have created the declarant's state of mind are inadmissible under ER 803(a)(3)." State v. Sublett, 156 Wn. App. 160, 199, 231 P.3d 231 (2010), aff'd, 176 Wn.2d 58, 292 P.3d 715 (2012); see also 5C KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 803.10 at 37 (6th ed. 2016) ("The hearsay exception includes only statements describing the declarant's own emotions or feelings."). The survivors' stories, while compelling, are in fact,

- 17 -

No. 83342-1-I/18

inadmissible hearsay when recounted by union leaders with no personal knowledge of the survivors' experiences.

Because the union representatives' testimony is inadmissible to establish that disclosure of survivors' identities and work location will jeopardize their personal safety, we must decide whether the admissible evidence presented is sufficient to support summary judgment or the entry of the permanent injunction. We conclude it is not.

The Unions presented evidence that they represent roughly 1,000 actual survivors of domestic violence, sexual assault, stalking, or harassment. The Unions reported that 961 members sought protected status under the injunction. DRS reported that it was directly contacted by another 28 employees who met the criteria for protection. Other agencies reported another nearly 400 employees seeking protection. The Foundation does not challenge these facts.

There is also evidence that the requested information could be used in identifying and locating these survivors. Many witnesses indicated that the type of information requested would reveal the public employees' physical location. Union representatives testified that the work email and bargaining unit often disclose the exact work location of the employee. The Foundation did not contest this evidence either.

But the only evidence proving that the public employees' personal safety would be jeopardized through the disclosure of identity and location information is the declaration of the expert Huang who testified that

> [E]mployees who have experienced domestic violence, sexual
> assault, unlawful harassment, stalking, or human trafficking have a

- 18 -

> profound interest in avoiding substantial and irreparable injury to themselves and their children. Their need to maintain the privacy and confidentiality of their personal identifying information, including their dates of birth, work addresses, and contact information is strongly linked to their safety, and in some instances, their very lives.

According to Huang, "it is critical for the safety and well-being of many state workers who have experienced domestic violence, sexual assault, human trafficking or stalking, that [the personal information requested] be kept private and confidential." She further testified that mere fear of being located can cause "high levels of distress, as well as high rates of anxiety, social dysfunction, severe depression, and somatic symptoms."

This testimony is too generalized to support a PRA injunction. The record lacks any basis to find that any specific public employee would be in actual jeopardy of physical harm if their employer released their identity and location information. The PRA requires a showing that disclosure would "clearly" not be in the public interest and "would substantially and irreparably damage any person." RCW 42.56.540. Huang's declaration does not provide a sufficient evidentiary basis to support such findings.

Because an individualized showing of a risk of physical harm is necessary to support the summary judgment and the permanent injunction, we reverse both and remand to the trial court to make an individualized determination whether any particular public employee would be in danger of physical harm if their identity and work location were made public.[13]

---

[13] This process could occur at trial with survivors testifying using pseudonyms or it could be done via an in camera review of declarations submitted by the survivors. The trial court is in the best position to craft a procedure that protects the identities of the survivors while ensuring that an adequate evidentiary record exists to support an injunction.

- 19 -

4. Disclosure of Full Dates of Birth

The Foundation next contends the trial court erred in granting summary judgment and in issuing a permanent injunction precluding the disclosure of public employee dates of birth. It argues that RCW 42.56.590's definition of "personal information" does not expand the personal information exemption found in RCW 42.56.230(3). The Unions, however, contend that this issue is moot because a recent amendment to RCW 42.56.250(8) prohibits meaningful and effective relief.

The parties raise nearly identical arguments in the companion to this case, Washington Education Ass'n v. Washington Department of Retirement Systems, No. 83343-0-I (WEA). There, we concluded that RCW 42.56.250(8) prohibits the disclosure of the month and year of birth of any public employee unless the requesting party is a member of the "news media" as defined in RCW 5.68.010(5). Slip Op. at 10-11. We ruled that RCW 42.56.250(8) applies prospectively to pending PRA requests, such as those at issue in that case, even though the requests were made before the effective date of the statute. Id. at 10. However, because the Foundation had not been afforded the opportunity to litigate whether it is entitled to the information as a member of the "news media," we could not conclude the appeal was moot. Id. at 11.

While this case comes before us on different procedural posture, we conclude that the Foundation's appeal is not moot for the same reasons set out in our opinion in WEA. In this case, as in WEA, the trial court granted the Union's motion for summary judgment, concluding that "as a matter of law, RCW 42.56.230(3) exempts the release of full birthdates in conjunction with public

employees' names." In doing so, the court relied on the new definition of "personal information" found in RCW 42.56.590:

> 11. . . . RCW 42.56.590(10)(a)(i)(D), included as part of the Public Records Act, as amended, includes names in conjunction with full dates of birth as "personal information," and in enacting SHB 1071, the Legislature has recognized the danger of identity theft;
>
> 12. . . . RCW 42.56.590 must be harmonized with RCW 42.56.230(3) and that the sections must be read together as an integrated whole . . .

We conclude, for the reasons set out in WEA, that the trial court erred in concluding that RCW 42.56.590(10) expanded the privacy exemption of RCW 42.56.230(3) to preclude the disclosure of public employees' names linked to their full dates of birth.

As we did in WEA, we reverse the summary judgment and permanent injunction to the extent it is premised on RCW 42.56.230(3). We remand for the trial court to determine whether to enter a preliminary or permanent injunction based on RCW 42.56.250(8), which will require it to determine whether the Foundation qualifies as "news media" and is entitled to the requested data under that statutory provision.

5. Leave to Amend the Complaint

Finally, the Foundation asserts that it was unfairly prejudiced by the trial court's decision to allow the Unions to amend its complaint six times. We reject this argument.

CR 15 controls a motion for leave to amend a complaint and states that "leave shall be freely given when justice so requires." CR 15(a). The court should deny a motion to amend a complaint only when the amendment would prejudice

- 21 -

the nonmoving party. Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). Factors relevant to analyzing whether allowing an amendment would prejudice the nonmoving party include undue delay, unfair surprise, and jury confusion. Id. at 505-06. A trial court's decision to grant or deny a motion for leave to amend is reviewed for an abuse of discretion. Id. at 505.

The Foundation first contends that allowing the Unions to amend the complaints prejudiced the Foundation by delaying the proceedings and, correspondingly, the public agencies' response to its PRA requests. It argues that the court "unnecessarily delayed the release of disclosable records" by more than six months. But, as the Unions highlight, the complaint was often amended in response to "waves" of new requests that the Foundation continued to submit, even after the injunction issued. For example, the third amended complaint addressed requests the Foundation made on January 14 and 15, 2020, well after the court had entered the preliminary injunction on December 17, 2019. The Foundation asserts that it had no obligation to disclose the requests that it was making to additional agencies. Even if true, the Foundation's continued requests left the Unions little choice but to amend the complaint to add defendants as they became aware of the new requests.

The Foundation next argues that the sixth amended complaint, which included for the first time an argument that the trial court should enjoin the disclosure of full birthdates for all employees, resulted in unfair surprise and prejudiced the Foundation.

The Foundation seems to argue that the sixth amended complaint prejudiced the Foundation because the Unions had assured the trial court they were not seeking to prevent the Foundation from obtaining birthdates. But the Foundation makes no citation to the record supporting this proposition and instead seems to be misstating the record. We can see no unfair prejudice to the Foundation and no abuse of discretion.

We reverse the summary judgment and permanent injunction and remand for further proceedings consistent with this opinion. The trial court's preliminary injunction shall remain in effect until such time as the trial court resolves any outstanding factual or legal issues, or rules otherwise.

_Andrus, A.C.J._

_Coburn, J._    _Bowman, J._

APPENDIX

LIST OF ALL RESPONDENTS

WASHINGTON FEDERATION OF STATE EMPLOYEES, COUNCIL, 28; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES; WASHINGTON PUBLIC EMPLOYEES ASSOCIATION UFCW LOCAL 365; INTERNATIONAL BROTHERHOOD OF TEAMSETERS, LOCALS 117, 252, 760, 763, 690; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 925; WASHINGTON EDUCATION ASSOCIATION; AMERICAN FEDERATION OF TEACHERS WASHINGTON; PUBLIC SCHOOL EMPLOYEES OF WASHINGTON, SEIU LOCAL 1948; WASHINGTON NURSES ASSOCIATION, UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 21, UNIVERSITY OF WASHINGTON HOUSESTAFF ASSOCIATION, AMALGAMATED TRANSIT UNION LEGISLATIVE COUNCIL OF WA, PROTEC 17, INTERNATIONAL OPERATING ENGINEERS 609, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 32, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 76, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 77, and SEATTLE BUILDING AND CONSTRUCTION TRADES COUNCIL, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 46, FERRY AGENTS, SUPERVISORS, AND PROJECT ADMINISTRATORS, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 302 AND GENERAL TEAMSTERS LOCAL 313, PIERCE COUNTY PROSECUTING ATTORNEY'S ASSOCIATION, OFFICE AND, PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL 8, WASHINGTON STATE COUNCIL OF FIRE FIGHTERS, PIERCE COUNTY BUILDING & CONSTRUCTION TRADES COUNCIL, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, WASHINGTON AND NORTHERN IDAHO DISTRICT COUNCIL OF LABORERS, and WASHINGTON STATE COUNCIL OF COUNTY AND CITY EMPLOYEES, AFSCME COUNCIL 2, STATE OF WASHINGTON; OFFICE OF FINANCIAL MANAGEMENT; DEPARTMENT OF RETIREMENT SYSTEMS; DEPARTMENT OF AGRICULTURE; ARTS COMMISSION; BLIND SERVICES; BLIND, SCHOOL; CENTER FOR CHILDHOOD DEAFNESS AND HEARING LOSS; COMMERCE; CORRECTIONS; CRIMINAL JUSTICE TRAINING COMMISSION; CONSOLIDATED TECHNOLOGY SERVICES; DEPARTMENT OF ENTERPRISE SERVICES; DEPARTMENT OF FISH & WILDLIFE; DEPARTMENT OF SOCIAL AND SERVICES; DEPARTMENT OF CHILDREN YOUTH & FAMILIES; DEPARTMENT OF ECOLOGY; EMPLOYMENT SECURITY DEPARTMENT; HEALTH; HEALTH CARE AUTHORITY; HORSE RACING COMMISSION; HUMAN RIGHTS COMMISSION; INDUSTRIAL APPEALS; OFFICE OF THE INSURANCE COMMISSIONER; DEPARTMENT OF LABOR AND INDUSTRIES; LIQUOR CONTROL BOARD; DEPARTMENT OF LICENSING; WASHINGTON'S LOTTERY; MILITARY DEPARTMENT; DEPARTMENT OF NATURAL RESOURCES; OFFICE OF ADMINISTRATIVE HEARINGS; OFFICE OF MINORITY WOMEN'S BUSINESS ENTERPRISES;

- 24 -

RECREATION AND CONSERVATION OFFICE; PARKS; SECRETARY OF STATE; STATE PATROL; TRANSPORTATION; UTILITIES AND TRANSPORTATION COMMISSION; VETERANS AFFAIRS; AND WORKFORCE TRAINING AND EDUCATION COORDINATING BOARD. DEPARTMENT OF REVENUE; LIQUOR AND CANNABIS CONTROL BOARD; OFFICE OF THE ATTORNEY GENERAL; UNIVERSITY OF  =WASHINGTON; UW PHYSICIANS, UNIVERSITY OF WASHINGTON POLICE;WASHINGTON STATE UNIVERSITY; WESTERN WASHINGTON UNIVERSITY; EASTERN WASHINGTON UNIVERSITY; CENTRAL WASHINGTON UNIVERSITY; THE EVERGREEN STATE COLLEGE; BELLEVUE COLLEGE; CENTRALIA COLLEGE; EVERETT COMMUNITY COLLEGE; GREEN RIVER COMMUNITY COLLEGE; LOWER COLUMBIA COLLEGE; PENINSULA COLLEGE; SEATTLE COLLEGES DISTRICT; SHORELINE COMMUNITY COLLEGE; SOUTH PUGET SOUND COMMUNITY COLLEGE; COMMUNITY COLLEGES OF SPOKANE; TACOMA COMMUNITY COLLEGE; AND WHATCOM COMMUNITY COLLEGE; BELLEVUE COLLEGE; BIG BEND COMMUNITY COLLEGE; CASCADIA COLLEGE; CLARK COLLEGE; COLUMBIA BASIN COLLEGE; EDMONDS COMMUNITY COLLEGE; GRAYS HARBOR; HIGHLINE COLLEGE; OLYMPIC COLLEGE;  PIERCE COLLEGE; SKAGIT VALLEY COLLEGE; TACOMA COMMUNITY COLLEGE; WALLA WALLA COMMUNITY COLLEGE; WENATCHEE VALLEY COLLEGE; YAKIMA VALLEY COLLEGE; RENTON TECHNICAL COLLEGE; DEPARTMENT OF CORRECTIONS; WASHINGTON STATE FERRIES;DEPARTMENT OF ENTERPRISE SERVICES, BATES TECHNICAL COLLEGE AND BELLINGHAM TECHNICAL COLLEGE; KITSAP REGIONAL LIBRARY; C-TRAN; PIERCE TRANSIT; EVERETT TRANSIT; WHATCOM TRANSIT; SPOKANE TRANSIT; JEFFERSON TRANSIT; CITY OF PULLMAN; VALLEY TRANSIT; ISLAND TRANSIT; KITSAP TRANSIT; CLALLAM TRANSIT; GRANT TRANSIT; RIVER CITIES TRANSIT, COMMUNITY TRANSIT; PACIFIC TRANSIT, GRAYS HARBOR TRANSIT; CASCADE MEDICAL CENTER; EVERGREEN HEALTH; GRAYS HARBOR COMMUNITY HOSPITAL; KITTITAS VALLEY HEALTHCARE; OCEAN BEACH HOSPITAL; PULLMAN REGIONAL HOSPITAL; SEATTLE & SKAGIT REGIONAL HEALTH; SKYLINE HOSPITAL; SNOHOMISH HEALTH DISTRICT; SPOKANE REGIONAL HEALTH DISTRICT; SPOKANE VETERANS HOME; UW MEDICINE – UNIVERSITY OF WASHINGTON MEDICAL CENTER; WALLA WALLA VETERANS HOME; WASHINGTON SOLDIERS HOME; WASHINGTON VETERANS HOME; WHATCOM COUNTY HEALTH DEPARTMENT; WHIDBEY HEALTH, LAKE WASHINGTON INSTITUTE OF TECHNOLOGY, CLOVER PARK TECHNICAL COLLEGE, the following school districts: ESD #101, ESD #112, ESD #113, PUGET SOUND ESD 121(RENTON), ABERDEEN SD #5, ADNA SD #226, ALMIRA SD #17, ANACORTES SD #103, ARLINGTON SD #16, ASOTINANATONE SD #420, AUBURN SD #408, BAINBRIDGE ISLAND SD #303, BATTLE GROUND SD #119, BELLEVUE SD #405, BELLINGHAM SD #501, BETHEL SD #403, BLAINE SD #503, BREMERTON SD #100-C, BREWSTER SD #111, BRIDGEPORT SD #75, BRINNON SD #46, BURLINGTON EDISON SD #100, CAMAS SD #117, CAPE FLATTERY SD #401, CASCADE SD

- 25 -

#228, CASHMERE SD #222, CASTLE ROCK SD #401, CENTERVILLE SD #215, CENTRAL KITSAP SD #401, CENTRAL VALLEY SD #356, CENTRALIA SD #401, CHEHALIS SD #302, CHENEY SD #360, CHEWELAH SD #36, CHIMACUM SD #49, CLARKSTON SD #J 250-185, CLE ELUM-ROSLYN SD #404, CLOVER PARK SD #400, COLFAX SD #300, COLLEGE PLACE SD #250, COLTON SD #306, COLUMBIA (STEV) SD #206, COLUMBIA (WALLA) SD #400, COLVILLE SD #115, CONCRETE SD #11, CONWAY SD #317, COSMOPOLIS SD #99, COUPEVILLE SD #204, CRESCENT SD #313, CRESTON SD #073, CUSICK SD #59, DAMMAN SD #7, DARRINGTON SD #330, DAVENPORT SD #207, DAYTON SD #2, DEER PARK SD #414, DIERINGER SD #343, EAST VALLEY SPOKANE SD #361, EAST VALLEY YAKIMA SD #90, EASTMONT SD #206, EASTON SD #28, EATONVILLE SD #404, EDMONDS SD #15, ELLENSBURG SD #401, ELMA SD #68, ENDICOTT SD #308, ENTIAT SD #127, ENUMCLAW SD #216, EPHRATA SD #165, EVERETT SD #2, EVERGREEN (CLARK) SD #114, EVERGREEN (STEVENS) SD #205, FEDERAL WAY SD #210, FERNDALE SD #502, FIFE SD #417, FINLEY SD #53, FRANKLIN PIERCE SD #402, FREEMAN SD #358, GARFIELD SD #302, GOLDENDALE SD #404, GRAND COULEE DAM SD #301J, GRANDVIEW SD #116-200, GRANGER SD #204, GRANITE FALLS SD #332, GRAPEVIEW SD #54, GREAT NORTHERN SD #312, GREEN MOUNTAIN SD #103, GRIFFIN SD #324, HARRINGTON SD #204, HIGHLAND SD #203, HIGHLINE SD #401, HOCKINSON SD #98, HOOD CANAL SD #404, HOQUIAM SD #28, INCHELIUM SD #70, ISSAQUAH SD #411, KAHLOTUS SD 56, KALAMA SD #402, KELLER SD #3, KELSO SD #458, KENNEWICK SD #17, KENT SD #415, KETTLE FALLS SD #212, KIONA BENTON SD #52, KITTITAS SD #403, KLICKITAT SD #402, LA CENTER SD #101, LA CONNER SD #311, LACROSSE SD #126, LAKE CHELAN SD #129, LAKE QUINAULT SD #97, LAKE STEVENS SD #4, LAKE WASHINGTON SD #414, LAKEWOOD SD #306, LAMONT SD #264, LIBERTY SD #362, LIND SD #158, LONGVIEW SD #122, LOON LAKE SD #183, LOPEZ ISLAND SD #144, LYLE SD #406, LYNDEN SD #504, MABTON SD #120, MANSFIELD SD #207, MANSON SD #19, MARY M KNIGHT SD #311, MARY WALKER SD #207, MARYSVILLE SD #25, MC CLEARY SD #65, MEAD SD #354, MEDICAL LAKE SD #326, MERCER ISLAND SD #400, MERIDIAN SD #505, METHOW VALLEY SD #350, MONROE SD #103, MONTESANO SD #66, MORTON SD #214, MOSES LAKE SD #161, MOSSYROCK SD #206, MOUNT ADAMS SD #209, MOUNT BAKER SD #507, MOUNT PLEASANT SD #29-93, MOUNT VERNON SD #320, MUKILTEO SD #6, NACHES VALLEY SD #3, NAPAVINE SD #14, NASELLE GRAYS RIVER VALLEY SD #155, NESPELEM SD #14, NEWPORT SD #56-415, NINE MILE FALLS SD #325, NOOKSACK VALLEY SD #506, NORTH BEACH SD #64, NORTH FRANKLIN SD #J51-162, NORTH KITSAP SD #400, NORTH MASON SD #403, NORTH RIVER SD #200, NORTH THURSTON SD #3, NORTHPORT SD #211, NORTHSHORE SD #417, OAK HARBOR SD #201, OAKVILLE SD #400, OCEAN BEACH SD #101, OCOSTA SD #172, ODESSA SD #105-157-166J, OKANOGAN SD #105, OLYMPIA SD #111, OMAK SD #19, ONALASKA SD #300, ONION CREEK SD #30, ORCAS ISLAND SD #137, ORIENT SD #65, ORONDO SD #13, OROVILLE SD #410, ORTING SD

#344, OTHELLO SD #147-163-55, PALOUSE SD #301, PASCO SD #1, PATEROS SD #122, PE ELL SD #301, PENINSULA SD #401, PIONEER SD #402, POMEROY SD #110, PORT ANGELES SD #121, PORT TOWNSEND SD #50, PRESCOTT SD #402-37, PROSSER SD #116, PULLMAN SD #267, PUYALLUP SD #3, QUEETS-CLEARWATER SD #20, QUILCENE SD #48, QUILLAYUTE VALLEY SD #402, QUINCY SD #144-101, RAINIER SD #307, RAYMOND SD #116, REARDANEDWALL SD #9, RENTON SD #403, REPUBLIC SD #309, RICHLAND SD #400, RIDGEFIELD SD #122, RITZVILLE SD #160-67, RIVERSIDE SD #416, RIVERVIEW SD #407, ROCHESTER SD #401, ROSALIA SD #320, ROYAL SD #160, SAN JUAN ISLAND SD #149, SEATTLE SD #1, SEDRO WOOLLEY SD #101, SELAH SD #119, SELKIRK SD #70, SEQUIM SD #323, SHELTON SD #309, SHORELINE SD #412, SKYKOMISH SD #404, SNOHOMISH SD #201, SNOQUALMIE VALLEY SD #410, SOAP LAKE SD #156, SOUTH BEND SD #118, SOUTH KITSAP SD #402, SOUTH WHIDBEY SD #206, SOUTHSIDE SD #42, SPOKANE SD #81, SPRAGUE SD #8, STANWOOD-CAMANO SD #401, STEILACOOM HISTORICAL SD #1, STEVENSON-CARSON SD #303, SULTAN SD #311, SUMNER-BONNEY LAKE SD #320, SUNNYSIDE SD #201, TACOMA SD #10, TAHOLAH SD #77, TAHOMA SD #409, TEKOA SD #265, TENINO SD #402, THORP SD #400, TOLEDO SD #237, TONASKET SD #404, TOPPENISH SD #202, TOUCHET SD #300, TOUTLE LAKE SD #130, TUKWILA SD #406, TUMWATER SD #33, UNION GAP SD #2, UNIVERSITY PLACE SD #83, VALLEY SD #070, VANCOUVER SD #37, VASHON ISLAND SD #402, WAHKIAKUM SD #200, WAHLUKE SD #73, WAITSBURG SD #401, WALLA WALLA SD #140, WAPATO SD #207, WARDEN SD #146-161, WASHOUGAL SD #112-6, WASHTUCNA SD #109-43, WATERVILLE SD #209, WELLPINIT SD 49, WENATCHEE SD #246, WEST VALLEY (SPOK) #363, WEST VALLEY (YAK) SD #208, WHITE PASS SD #303, WHITE RIVER SD #416, WHITE SALMON SD #405, WILBUR SD #200, WILLAPA VALLEY SD #160, WILSON CREEK SD #167-202, WINLOCK SD #232, WISHKAH VALLEY SD #117, WISHRAM SD #94, WOODLAND SD #404, YAKIMA SD #7, YELM SD #2, ZILLAH SD #205, SEATTLE PUBLIC SCHOOLS FOR LOCAL 609, WA STATE PRINTER, KING COUNTY, PIERCE COUNTY, GRAYS HARBOR COUNTY, SPOKANE COUNTY, CITIES OF SEATTLE, TACOMA, AUBURN, KENT, REDMOND, BLACK DIAMOND, LAKE FOREST PARK, WOODINVILLE, GIG HARBOR, BLACK DIAMOND, ELMA, QUINCY, SNOHOMISH, TUMWATER, WINLOCK, FIFE, SEATTLE HOUSING AUTHORITY, SCORE, TACOMA-PIERCE COUNTY HEALTH DEPARTMENT, TACOMA-PIERCE COUNTY HUMANE SOCIETY, TOWN OF STEILACOOM, WASHINGTON STATE CONVENTION CENTER, WATER DISTRICT 125, WOODLAND PARK ZOO, SNOHOMISH COUNTY PUD, KING COUNTY HOUSING AUTHORITY, BENTON COUNTY PUBLIC UTILITY DISTRICT, CHELAN COUNTY PUBLIC UTILITY DISTRICT, CLALLAM COUNTY PUBLIC UTILITY DISTRICT, CLARK COUNTY PUBLIC UTILITY DISTRICT, FRANKLIN COUNTY PUBLIC UTILITY DISTRICT, GRAYS HARBOR COUNTY PUBLIC UTILITY DISTRICT, JEFFERSON COUNTY PUBLIC UTILITY DISTRICT, KITTITAS COUNTY PUBLIC UTILITY DISTRICT, KLICKITAT COUNTY PUBLIC UTILITY DISTRICT, LEWIS COUNTY PUBLIC

UTILITY DISTRICT, MASON COUNTY PUBLIC UTILITY DISTRICT NO. 1, MASON COUNTY PUBLIC UTILITY DISTRICT, NO. 3, OKANOGAN COUNTY PUBLIC UTILITY DISTRICT, PACIFIC COUNTY PUBLIC UTILITY DISTRICT, PEND OREILLE COUNTY PUBLIC UTILITY DISTRICT, SKAGIT COUNTY PUBLIC UTILITY DISTRICT, THURSTON COUNTY PUBLIC UTILITY DISTRICT, ENERGY NORTHWEST, SEATTLE CITY LIGHT, KING COUNTY METRO, SOUND TRANSIT, , LAKEHAVE UTILITY DISTRICT, CITY OF SUMNER, CITY OF BUCKLEY, VASHON WATER DISTRICT 19, METROPOLITAN PARK DISTRICT OF TACOMA, MASON COUNTY, KITSAP COUNTY, EVERGREEN HOSPITAL, WASHINGTON STATE FERRIES AND PORT OF SEATTLE, ABERDEEN FIRE DEPARTMENT, BAINBRIDGE ISLAND FIRE DEPARTMENT, BENTON COUNTY FIRE DISTRICT 1, BENTON COUNTY FIRE DISTRICT 4, BENTON COUNTY FIRE PROTECTION DISTRICT 2, BENTON COUNTY FIRE DISTRICT 6, BREMERTON FIRE DEPARTMENT, BREMERTON HOUSING AUTHORITY, CAMAS-WASHOUGAL FIRE DEPARTMENT, CENTRAL KITSAP FIRE AND RESCUE, CENTRAL PIERCE FIRE & RESCUE - PIERCE COUNTY FIRE DISTRICT 6, CHEHALIS FIRE DEPARTMENT, CHELAN COUNTY FIRE DISTRICT 7, CHELAN-DOUGLAS HEALTH DISTRICT, CITY OF ABERDEEN, CITY OF ALGONA, CITY OF BOTHELL, CITY OF CHENEY, CITY OF CLARKSTON, CITY OF COLLEGE PLACE, CITY OF EDMONDS, CITY OF ELLENSBURG, CITY OF KENNEWICK, CITY OF KIRKLAND, CITY OF MERCER ISLAND, CITY OF MOSES LAKE, CITY OF MUKILTEO, CITY OF ORTING, CITY OF PASCO, CITY OF PORT ANGELES, CITY OF REDMOND, CITY OF RICHLAND, CITY OF SNOQUALMIE, CITY OF SPOKANE, CITY OF SPOKANE VALLEY, CITY OF SUNNYSIDE, CITY OF TUKWILA, CITY OF WENATCHEE, CLALLAM COUNTY FIRE DISTRICT 3, CLARK COUNTY FIRE AND RESCUE, CLARK COUNTY FIRE DISTRICT 3, CLARK COUNTY FIRE DISTRICT 6, COLUMBIA COUNTY FIRE DISTRICT 3, COWLITZ 2 FIRE AND RESCUE, COULEE CITY FIRE DEPARTMENT, COWLITZ COUNTY FIRE DISTRICT 5, COWLITZ COUNTY FIRE DISTRICT 6, DOUGLAS COUNTY FIRE DISTRICT 2, DUPONT FIRE DEPARTMENT, DUVALLKING COUNTY FIRE PROTECTION DISTRICT 45, EAST COUNTY FIRE AND RESCUE, EAST JEFFERSON FIRE AND RESCUE, EAST PIERCE FIRE AND RESCUE, ELLENSBURG LIBRARY, FRANKLIN COUNTY FIRE DISTRICT 3, GIG HARBOR FIRE & MEDIC ONE / PIERCE COUNTY FIRE DISTRICT 5, GRAHAM FIRE AND RESCUE / PIERCE COUNTY FIRE PROTECTION DISTRICT 21, GRANDVIEW FIRE DEPARTMENT, GRANT COUNTY FIRE DISTRICT 3, GRAYS HARBOR FIRE DISTRICT 7, GRAYS HARBOR FIRE DISTRICT 2, GRAYS HARBOR FIRE DISTRICT 5, HANFORD FIRE DEPARTMENT, HOQUIAM FIRE DEPARTMENT, KEY PENINSULA FIRE DEPARTMENT / PIERCE COUNTY FIRE DISTRICT 16, KING COUNTY FIRE DISTRICT 20 , KING COUNTY FIRE DISTRICT 27, KING COUNTY SHERRIFF'S OFFICE, KITSAP PUBLIC HEALTH DISTRICT, KITTITAS COUNTY, KLICKITAT COUNTY EMS DISTRICT 1, LACEY FIRE DISTRICT 3, LEWIS COUNTY FIRE DISTRICT 6, LEWIS COUNTY MEDIC ONE, LONGVIEW FIRE DEPARTMENT, MARYSVILLE FIRE DISTRICT, MASON COUNTY EMERGENCY COMMUNICATIONS (MACECOM), MASON COUNTY FIRE

DEPARTMENT 4, MASON COUNTY FIRE DEPARTMENT 5, PIERCE COUNTY FIRE DISTRICT 27, MCNEIL ISLAND FIRE DEPARTMENT, MONTESANO FIRE DEPARTMENT, NORTH COUNTRY EMERGENCY MEDICAL SERVICE, NORTH KITSAP FIRE AND RESCUE, NORTH MASON REGIONAL FIRE AUTHORITY, NORTHSHORE FIRE DEPARTMENT, OCEAN SHORES FIRE DEPARTMENT, OKANOGAN COUNTY FIRE DISTRICT 6, OLYMPIA FIRE DEPARTMENT, PACIFIC COUNTY FIRE DISTRICT 1, PIERCE COUNTY HOUSING AUTHORITY, PORT LUDLOW FIRE & RESCUE, POULSBO FIRE DEPARTMENT, QUILCENE FIRE RESCUE AKA JEFFERSON COUNTY FIRE PROTECTION DISTRICT 2, RAYMOND FIRE DEPARTMENT, RENTON REGIONAL FIRE AUTHORITY, RIVERSIDE FIRE AUTHORITY, SAMARITAN HEALTHCARE, SAN JUAN ISLAND EMS AND MEDEVAC, SHORELINE FIRE DEPARTMENT, SKAMANIA COUNTY EMERGENCY MEDICAL SERVICES, SNOHOMISH COUNTY FIRE DISTRICT 4, SNOHOMISH COUNTY FIRE DISTRICT 7, SOUTH BAY FIRE DISTRICT 8, SOUTH BEACH REGIONAL FIRE AUTHORITY, SOUTH KITSAP FIRE AND RESCUE, SOUTH PIERCE FIRE AND RESCUE, SOUTH SNOHOMISH COUNTY FIRE & RESCUE, SPOKANE COUNTY FIRE DISTRICT 10, SPOKANE COUNTY FIRE DISTRICT 8, SPOKANE COUNTY FIRE DISTRICT 9, SPOKANE INTERNATIONAL AIRPORT, STEVENS COUNTY FIRE PROTECTION DISTRICT 1, TACOMA HOUSING AUTHORITY, THURSTON COUNTY FIRE DISTRICT 4, RAINIER FIRE DEPARTMENT, THURSTON COUNTY FIRE DISTRICT 9, MCLANE FIRE DEPARTMENT, TULALIP BAY FIRE DEPARTMENT, SNOHOMISH COUNTY FIRE PROTECTION, DISTRICT 15, TUMWATER FIRE & EMERGENCY MEDICAL SERVICES, VANCOUVER FIRE DEPARTMENT, WALLA WALLA COUNTY FIRE DISTRICT 4, WALLA WALLA COUNTY FIRE DISTRICT 5, WASHINGTON STATE FERRIES, WEST BENTON FIRE & RESCUE, WEST PIERCE FIRE AND RESCUE, WEST THURSTON REGIONAL FIRE AUTHORITY, WILLAPA HARBOR HOSPITAL, WOODINVILLE FIRE AND RESCUE, YAKIMA COUNTY FIRE DISTRICT #4 / EAST VALLEY FIRE DEPARTMENT, YAKIMA HEALTH DISTRICT, NORTH SHORE SCHOOL DISTRICT, SNOHOMISH COUNTY, ROZA IRRIGATION DISTRICT, SUNNYSIDE VALLEY IRRIGATION DISTRICT, YAKIMA-TIETON IRRIGATION DISTRICT, AND CLARK COUNTY PUBLIC HEALTH.